AE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED
MAR 30 2005
MAR 30 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

INFORMATION TECHNOLOGY INNOVATION, LLC,
Plaintiff,

vs.

MOTOROLA, INC. and FREESCALE SEMICONDUCTOR, INC.,
Defendants,
Counterclaim-Plaintiffs,

vs.

INFORMATION TECHNOLOGY INNOVATION, LLC, ROBERT W. ATHERTON, and WILLIS E. HIGGINS,
Counterclaim-Defendants.

No. 04 C 7121

Judge Matthew F. Kennelly

**ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF FREESCALE SEMICONDUCTOR, INC.**

Defendant, Freescale Semiconductor, Inc. ("Freescale"), answers the AMENDED COMPLAINT FOR PATENT INFRINGEMENT of Information Technology Innovation, LLC ("ITI"), served March 10, 2005 on Freescale, as follows:

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive jurisdiction over the subject matter under 28 U.S.C. § 1338(a).

**ANSWER:**

Freescale admits that ITI purports to state a claim over which this Court has jurisdiction but denies any remaining allegations in this paragraph.

2. Information Technology Innovation LLC ("ITI") is an Illinois limited liability company with its principal place of business in Northbrook, Illinois.

**ANSWER:**

Admitted.

3. ITI has standing to sue for infringement of the United States Patent No. 4,796,194, "Real World Modeling and Control Process" ("the '194 Patent"). That Patent is Exhibit A to this Complaint.

**ANSWER:**

Freescale admits that a copy of the '194 Patent is attached as Exhibit A to the Amended Complaint. Freescale lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies the same.

4. Motorola, Inc. is a corporation established under the laws of Delaware, with its headquarters at 1303 East Algonquin Road, Schaumburg, Illinois.

**ANSWER:**

Admitted.

5. Freescale Semiconductor, Inc. is a Delaware corporation that does business with Motorola. Freescale has an office in Austin, Texas, and semiconductor fabrication factories in a number of locations. According to its web site, Freescale distributes products through Arrow Electronics in Itasca, Illinois; Avnet Electronics in Arlington Heights, Illinois; Newark InOne in Lombard, Illinois; and Richardson Electronics in LaFox and Bensenville, Illinois.

**ANSWER:**

Freescale admits the first two sentences of this paragraph. Freescale also admits that, according to its web site, it distributes products through Arrow Electronics, Avnet Electronics, Newark InOne, and Richardson Electronics. Freescale lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies the same.

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:**

Admitted.

7. Motorola and Freescale have infringed the patent in suit through the application and use of processes to model a semiconductor manufacturing plant covered by at least claims 1 and 18 of the '194 Patent.

**ANSWER:**

Freescale denies that it has infringed the patent in suit. Freescale lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies the same.

8. The infringement has injured the plaintiff, and the plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**

Denied.

9. On information and belief, the infringement has been willful and deliberate and has injured and will continue to injure the plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '194 Patent.

**ANSWER:**

Denied.

**AFFIRMATIVE DEFENSES**

1. Upon information and belief, the claims of the '194 Patent are invalid and unenforceable for failing to satisfy the conditions of patentability set forth in Title 35, United States Code, including §§ 102, 103 and 112 thereof.

2. Upon information and belief, Freescale has not infringed any valid, enforceable claim of the '194 Patent, nor is it infringing any valid, enforceable claim of the '194 Patent.

3. Upon information and belief, ITI is estopped from construing any valid, enforceable claim of the '194 Patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, and/or offered for sale by Freescale because of admissions and statements made to the United States Patent and Trademark Office ("PTO") during prosecution of the application leading to issuance of the '194 Patent.

4. Upon information and belief, ITI is estopped from construing any valid, enforceable claim of the '194 Patent to cover or include, by application of the doctrine of equivalents, any product manufactured, used, imported, sold and/or offered for sale by Freescale because of narrowing amendments made to the PTO, for purposes of patentability, during the prosecution of the application leading to the issuance of the '194 Patent.

5. ITI is not entitled to injunctive relief because the damage to ITI, if any, is not immediate or irreparable, and ITI has an adequate remedy at law.

6. Upon information and belief, ITI has no ownership interest in the '194 Patent and lacks standing to sue for infringement of the same.

7. Upon information and belief, ITI's claims are barred in whole or in part by the doctrines of estoppel, laches, and acquiescence.

8. Upon information and belief, ITI's claims are limited in whole or in part by operation of 35 U.S.C. § 287.

## COUNTERCLAIM

Defendant-Counterplaintiff, Freescale Semiconductor, Inc. ("Freescale"), counterclaim against Plaintiff-Counterdefendants, Information Technology Innovation, LLC ("ITI"), Robert W. Atherton ("Atherton"), and Willis E. Higgins ("Higgins") as follows:

1. Motorola is a Delaware corporation, having a principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

2. ITI is the named plaintiff in this action and is an Illinois limited liability company.

3. Upon information and belief, Atherton is the named inventor and co-owner of United States Patent No. 4,796,194 ("the '194 Patent").

4. Upon information and belief, Higgins is a co-owner of the '194 Patent.

5. Upon information and belief, Atherton and Higgins jointly granted an exclusive license to the '194 Patent to TechSearch, LLC ("TechSearch"), an Illinois limited liability company having a principal place of business in Northbrook, Illinois, and TechSearch subsequently assigned its rights as an exclusive licensee of the '194 Patent to ITI.

6. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 2201, 1331 and 1338 as it arises under an Act of Congress relating to patents, 35 U.S.C. §§ 1 et seq.

7. By filing its Complaint, ITI has consented to the personal jurisdiction of this Court.

8. Through at least their ownership and enforcement of the '194 Patent and their dealings with TechSearch and ITI in this lawsuit, Atherton and Higgins are subject to the personal jurisdiction of this Court.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

## COUNT I

## DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 4,796,194

10. Freescale realleges and incorporate herein by reference Paragraphs 1 through 5 of this Counterclaim.

11. The '194 Patent was issued by the United States Patent and Trademark Office on January 3, 1989. ITI claims it has standing to sue for infringement of the '194 Patent.

12. ITI has asserted that Freescale infringes the '194 Patent.

13. An actual controversy exists between the parties regarding the validity and infringement of the '194 Patent.

14. Upon information and belief, the claims of the '194 Patent are invalid and unenforceable for failing to satisfy the conditions of patentability set forth in Title 35, United States Code, including §§ 102, 103 and 112 thereof.

15. Upon information and belief, Freescale has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '194 Patent, nor is it directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '194 Patent.

**WHEREFORE, Freescale respectfully requests:**

A. A declaratory judgment that the claims of U.S. Patent No. 4,796,194 are invalid;

B. A declaratory judgment that Freescale does not infringe any valid, enforceable claim of U.S. Patent No. 4,796,194;

C. An award of costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

D. Dismissal of plaintiff's Complaint with prejudice; and

E. Such other and further relief as the Court may deem just and proper.

March 30, 2005

Respectfully submitted,

FREESCALE SEMICONDUCTOR, INC.

By:____________________________

David L. Witcoff
Charles E. Juister
JONES DAY
77 West Wacker
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Michael J. Newton
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

***Attorneys for Freescale Semiconductor, Inc. and Motorola, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned attorney for Freescale Semiconductor, Inc. hereby certifies that, on March 30, 2005, a copy of the foregoing Answer to Amended Complaint, Affirmative Defenses and Counterclaim of Freescale Semiconductor, Inc. was served by U.S. mail, first class and postage-prepaid, upon:

Raymond P. Niro, Esq.
Joseph N. Hosteny, Esq.
Arthur A. Gasey, Esq.
William W. Flachsbart, Esq.
NIRO, SCAVONE, HALLER AND NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733

Charles E. Juister